IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | |
|---|---|
| TIMOTHY G. TRIPP ) | |
| ) | |
| v. ) | Case No. 1:23-cv-00088 |
| ) | Campbell/Holmes |
| AMBER E. BAILEY ) | |

TO:  Honorable William L. Campbell, Jr., Chief U.S. District Judge

## R E P O R T   A N D   R E C O M M E N D A T I O N

By Memorandum and Order entered March 18, 2024 (Docket Entry No. 6), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings.

Timothy G. Tripp ("Plaintiff") filed this lawsuit on December 27, 2023, while an inmate at the Maury County Jail ("Jail") in Columbia, Tennessee. He seeks relief under 42 U.S.C. § 1983 based on allegations that his constitutional rights were violated by a guard at the Jail. Upon initial review, the Court found that Plaintiff stated an arguable legal claim and directed him to return a completed service packet for the defendant so that process could issue. *See* Docket Entry No. 6 at 4. Plaintiff was given 30 days from entry of the Court's Order to return the completed service packet. *Id*.

After several months passed without a completed service packet being returned and without any other contact from Plaintiff to the Court, the Court entered an Order on September 27, 2024, directing Plaintiff to show cause why the case should not be dismissed because of his failure to return a completed service packet. Plaintiff made no response, which is not surprising because the docket reflects that the copy of the Order sent to Plaintiff at his address of record at the Jail was returned as undeliverable with the notation "return to sender, attempted – not known, unable to

forward" and "not here." *See* Docket Entry No. 8. The docket also reflects that Plaintiff has had no contact with the Court since filing his lawsuit.

Rule 4(m) of the Federal Rules of Civil Procedure[1] requires that the defendant be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because the defendant has not been served with process within the time period set out in Rule 4(m), this action should be dismissed.

It is also well-settled that federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Plaintiff's failure to return a completed service packet and failure to stay engaged in his lawsuit upon his release from the Jail indicates that he has lost interest in the lawsuit. The case cannot proceed with an absent plaintiff. Although the Court recognizes that Plaintiff's status as a *pro se* litigant affords him with some measure of leeway, proceeding *pro se* does not relieve a litigant from the basic obligations required of all parties, such as keeping the Court informed of a good mailing address and remaining involved in the case.

---

[1] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

## RECOMMENDATION

For the reasons set out above, it is respectfully **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge